**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TALLEN MARCE' FLEMING, JR.,

               Plaintiff,

v.

UNITED STATES FEDERAL BUREAU OF
INVESTIGATION DETROIT MI FIELD OFFICE
and HENRY FORD COMMUNITY COLLEGE,

               Defendants.

Case No. 09-13449

HON. MARIANNE O. BATTANI

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND
MOTION FOR A TEMPORARY RESTRAINING ORDER**

**I.    INTRODUCTION**

Before the Court are Defendant Henry Ford Community College's ("HFCC")

Motion to Dismiss (doc. 2), Plaintiff Tallen Marce' Fleming, Jr.'s Motion for Judgment on

the Pleadings (doc. 5), Defendant U.S. Federal Bureau of Investigation's ("FBI") Motion

to Dismiss (doc. 6), and Plaintiff's Motion for a Temporary Restraining Order ("TRO")

(doc. 9).  Plaintiff is proceeding *pro se*.

In his complaint, Fleming claims that the FBI obstructed 18 U.S.C. §§ 1505 and

1510(a) and that the HFCC refused to investigate a student email and failed to uphold

its mission statement.  (Doc. 1).  Fleming asserts that these acts caused him to suffer

failing grades and distress.  (Id.).  In addition, Fleming's complaint cites to 18 U.S.C.

§ 241, and Michigan Compiled Laws §§ 750.146 and 750.147.[1]  For the reasons
discussed below, the Court grants both Defendants' Motions to Dismiss and denies both
Plaintiff's Motion for Judgment on the Pleadings and Plaintiff's Motion for a Temporary
Restraining Order.


II.     STATEMENT OF FACTS

        The allegations contained in Fleming's complaint are difficult to make out, but he
appears to claim that the conduct of Defendants hindered him from achieving an
associate's degree in business administration from the HFCC and entering pre-law
studies.  In essence, Fleming seems to be claiming that the HFCC engaged in unfair
grading, which resulted in him receiving failing grades in some of his courses, and that
the FBI allowed this to happen by failing to investigate his claims that his rights were
being violated.  Fleming also appears to allege that he is being subjected to undercover
surveillance.    In an email attached to Fleming's Motion for a TRO, he complains to a
HFCC administrator that two fo his teachers altered his assignments in order to give him
failing grades.  The administrator responded that Fleming's instructors stated that he
had failed to complete or follow the directions for various assignments and, for that
reason, had been given failing grades on those assignments.  As such, the
administrator declined to change Fleming's grades in the courses.

_____

        [1] Fleming's complaint also cites to 39 U.S.C. §§ 5202 and 5203, but these
statutes have been repealed.

**III.    ANALYSIS**

As an initial matter, the Court noes that *pro se* pleadings are held to less

stringent standard than formal pleadings drafted by attorneys.  <u>See</u> <u>Haines v. Kerner</u>,

404 U.S. 519, 520-21 (1972).  Nevertheless, a *pro se* litigant's complaint is subject to

dismissal if it fails to state a valid claim for relief.  <u>See</u> <u>Grinter v. Knight</u>, 532 F.3d 567,

577 (6th Cir. 2008).

1.    <u>Fleming's Request for Judgment on the Pleadings</u>

In this motion, Fleming requests that the Court enter judgment on the pleadings

against the FBI because the FBI failed to answer the complaint in accordance with

Federal Rule of Civil Procedure 12(a)(1)(A)(i).  The FBI responds that judgment is not

appropriate because it complied with Federal Rule of Civil Procedure 12(a)(2).

Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must serve a

responsive pleading within 21 days after being served with the summons and complaint,

unless another time is specified.  Federal Rule of Civil Procedure 12(a)(2), however,

specifies that the United States or a United States agency must serve an answer to a

complaint within 60 days of service.  Furthermore, the filing of a motion under Federal

Rule of Civil Procedure 12 defers the deadline for filing such a responsive pleading until

after the motion has been ruled upon.  <u>See</u> FED. R. CIV. P. 12(a)(4).

Fleming filed his complaint in this case on August 31, 2009, and the FBI filed its

motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), (5), and (6) on

October 28, 2009.  (Docs. 1, 6).  As the FBI responded to the complaint by filing a

motion to dismiss 58 days after Fleming filed the complaint, the time for the FBI to file

3

an answer has not passed.  <u>See</u> FED. R. CIV. P. 12(a)(2) and (a)(4).  Accordingly,

Fleming's Motion for Judgment on the Pleadings shall be denied.

      2.    <u>HFCC's and the FBI's Motions to Dismiss</u>

As an initial matter, it should be noted that Fleming has failed to file a response

to either HFCC's or the FBI's Motions to Dismiss.  Such a response was required if

Fleming was opposing the motions.  <u>See</u> E.D. Mich. LR 7.1(b) ("A respondent opposing

a motion must file a response, including a brief and supporting documents then

available.").  Nevertheless, because Fleming is proceeding *pro se* and his subsequent

Motion for a TRO indicates that he does oppose dismissal, the Court will examine the

merits of the motions to dismiss.  (<u>See</u> doc. 9).

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a

complaint that fails "to state a claim upon which relief may be granted."  "This rule

allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal

relief even if every allegation in the complaint is true."  <u>Tidik v. Ritsema</u>, 938 F.Supp.

416, 421 (E.D. Mich. 1996).  Thus, when faced with a Rule 12(b)(6) motion to dismiss, a

district court "must construe the complaint in the light most favorable to the plaintiff,

[and] accept all factual allegations as true[.]"  <u>Allard</u>, 991 F.2d at 1240.  To defeat a

motion to dismiss, a plaintiff's complaint must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[A]

complaint must contain either direct or inferential allegations respecting all the material

elements to sustain a recovery under some viable legal theory."  <u>Allard</u>, 991 F.2d at

1240 (quotation omitted)

Defendants argue that Fleming's complaint fails to state a claim for violations of 18 U.S.C. §§ 241, 1505, and 1510, because these are criminal statutes that do not provide for a civil cause of action.  As Defendants are correct in this contention, Fleming's claims fail to the extent that they rely on 18 U.S.C. §§ 241, 1505, and 1510. See Kafele v. Frank & Wooldridge Co., 108 Fed. Appx. 307, 307-09 (6th Cir. 2004); Allen v. Ashcroft, Civil No. 03-441-MJR, 2006 WL 1882672 at *3 (S.C. Ill. Jul. 7, 2006).

Defendants next contend that Fleming fails to state a claim under the Michigan Equal Accommodations Act, Michigan Compiled Laws § 750.146 *et seq.*, because he does not allege that he was denied accommodation on account of a protected ground, i.e. race, color, religion, national origin, sex, or blindness.  The Michigan Equal Accommodations Act prohibits a public establishment from denying accommodations, advantages, facilities, and priviliges on account of race, color, religion, national origin, sex, or blindness.  MICH. COMP. LAWS §§ 750.146-47.  As Fleming has not alleged that he was denied accommodations on account of any of these protected grounds, he has failed to state a claim under the Michigan Equal Accommodations Act.  See Ferrell v. Vic Tanny Int'l, Inc., 137 Mich. App. 238, 246-47 (1984).

HFCC also claims that Fleming cannot state a claim for breach of contract that is based upon HFCC's mission statement.  In his complaint, Fleming asserts that HFCC's failure to accommodate him, which caused him to suffer failing grades, were violations

of its mission statement.[2]  HFCC's mission statement is not a binding contract and, thus, Fleming cannot make out a breach of contract claim based upon it.

As all of these claims fail to state a claim upon which relief may be granted, Defendants have shown that they are entitled to dismissal of the complaint, and the Court need not address the Defendants other arguments.

3.    Fleming's Motion for a TRO

In light of Defendants showing that they are entitled to dismissal of Fleming's complaint, Fleming's Motion for a TRO necessarily fails.


**V.    CONCLUSION**

For the reasons discussed above, Defendants' Motions to Dismiss (docs. 2, 6) are **GRANTED**.  Plaintiff's Motion for Judgment on the Pleadings (doc. 5), and Motion for a TRO (doc. 9) are **DENIED**.

**IT IS SO ORDERED.**

---

[2] HFCC's Mission Statement was attached to Fleming's complaint and states, in its entirety:

We, of [HFCC], are dedicated to the education and enrichment of our students and community.  As a comprehensive community college with a diverse student population, we value teaching and learning.

To prepare our students for a rapidly changing world and workplace, we are committed to providing knowledge, communication skills, and cultural opportunities.  We foster critical thinking, creativity, integrity, and self-esteem.

Ours is a tradition of building futures.  We measure our success by the success of our students in a democratic, diverse, and increasingly technological nation.

6

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE


DATED: February 2, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and counsel of record on this date by ordinary mail and/or electronic filing.


s/Bernadette M. Thebolt
Case Manager

7